**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Araceli Estacio,

Petitioner,

v.

Christopher Howard, *et al.*,

Respondents.

No. CV-26-02129-PHX-JJT (MTM)

**ORDER**

At issue is the Report and Recommendation (Doc. 17, "R&R") entered on the docket by United States Magistrate Judge Michael T. Morrissey recommending the Court deny and dismiss the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2441 (Doc. 1).[1] In the R&R, Judge Morrissey advised the parties that they "shall have 14 days from the date of service of a copy of this report and recommendation within which to file specific objections with the Court," and that "failure to timely file objections to the magistrate judge's report and recommendation may result in the acceptance of the report and recommendation by the District Court without further review." (R&R at 4 (internal citations omitted).)

Judge Morrissey entered the R&R on July 21, 2026. Five weeks have elapsed since that date and no party has filed any objections. The Court therefore is empowered to accept

[1] The R&R purports to recommend dismissal "with prejudice," but Judge Morrissey elsewhere provides correct analysis concluding that circumstances might exist in the future permitting Petitioner to "pursue a renewed petition supported by facts." (R&R at 4.) The Court thus regards the R&R's language recommending dismissal with prejudice as a typographical error and the recommendation as dismissal without prejudice.

the R&R without further analysis or review. It nonetheless has undertaken a merits review of the recommendation and its reasoning. After doing so, the Court concludes Judge Morrissey's application of relevant facts to the law is sound, and the Court must deny the Petition.

Petitioner was ordered removed January 29, 2026 (Doc. 12-2). She filed no appeal of the order of removal and it therefore became final March 2, 2026—30 days thereafter plus the intervening weekend. Thereafter ICE was required by statute to detain her for up to 90 days, unless she was removed sooner than that. From that point the Attorney General had discretion to consider a bond release but was not required to do so, and the Ninth Circuit has not yet opined that detentions between 90 and 180 days are unreasonable. *Zadvydas v. Davis*, 533 U.S. 678 (2001), however, does provide that once an immigrant's post-final order of removal detention reaches 180 days, a court can find such detention unreasonable in duration if it concludes there is no significant likelihood of removal in the reasonably foreseeable future.

Here Petitioner has been detained less than 180 days since her order of removal became final. And as Judge Morrissey pointed out, she made no showing that there was no significant likelihood of removal in the reasonably foreseeable future—rather, her Petition made only "generalized due process objections to her continued detention. The Petition thus fails on two fronts. It is too early filed, and it is without factual support. The Court will thus deny and dismiss it.

However, as Judge Morrissey also notes, if her post-final order of removal detention stretches beyond 180 days, and Petitioner is able to show facts demonstrating an absence of a significant likelihood of removal in the reasonably foreseeable future, she may file a new petition under *Zadvydas*. Thus, the Court will dismiss without prejudice.

**IT IS ORDERED** adopting Judge Morrissey's Report and Recommendation (Doc. 17, "R&R") in this matter.

. . .

. . .

**IT IS FURTHER ORDERED** denying and dismissing without prejudice the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2441 (Doc. 1). The Clerk of Court shall terminate this matter.

Dated this 24th day of August, 2026.

Honorable John J. Tuchi
United States District Judge